■ Julius Kairy et al., Respondents, v Jack Elo et al., Appellants. [713 NYS2d 548] —In an action, *inter alia*, to declare the rights of the parties under a contract, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated September 10, 1999, as declared that the sum of $101,230.27 be deducted from the amount the plaintiffs were required to tender to the defendants and failed to declare that the sum of $16,688.69 was to be added to that sum.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This matter was submitted to the Supreme Court for a non-jury trial upon stated issues and documentary evidence. By decision of February 1, 1999, the Supreme Court determined the amount the plaintiffs were obligated to pay in order to buy out the defendants' interest in J & J 730 LLC (hereinafter the LLC). The plaintiffs were obligated to pay one-half of an agreed-upon judgment of $579,572.83 (or $289,786.41), plus one-half of $62,611.14 (or $31,305.57) in interest (for a subtotal of $321,091.98) plus one-half of $202,460.55 (or $101,230.27) in unpaid expenses appurtenant to the foreclosure action (hereinafter the unpaid expenses) for a total of $422,322.26, plus an additional $75,000 payable over time and not at issue here. The plaintiffs then moved for posttrial relief under CPLR 4404.

The Supreme Court agreed with the plaintiffs that there was an error. It recalled and vacated its prior decision and substituted a decision dated May 5, 1999. In that decision, it again found that the plaintiffs were obligated to pay one-half of $579,572.83 (or $289,786.41) plus one-half of $62,611.14 in interest (or $31,305.57) for a subtotal of $321,091.98. However, in this decision the court directed the subtraction of one-half of

the unpaid expenses, or $101,230.27, from the subtotal. Thus it found that the plaintiffs were required to pay $219,861.71 to buy out the defendants' interest in the LLC. It did not direct the addition of one-half of the $33,377.38 (or $16,688.69) in prior paid expenses to the amount the plaintiffs were required to pay to buy out the defendants' interest.

This determination was correct. It is axiomatic that a contract is to be interpreted so as to give effect to the intent of the parties. Here, the clear intent of the parties was that the plaintiffs be permitted to buy out the defendants' interest in the LLC by paying, *inter alia*, one-half of $579,572.83, which was the agreed-upon judgment amount, plus one-half of the $62,111.14 in interest, together with an adjustment for the expenses appurtenant to the foreclosure of the property located at 730 Flatbush Avenue, Brooklyn (plus the $75,000 payable over time and not at issue here). The Supreme Court properly directed a deduction for one-half of the unpaid expenses. However, since the record shows that the prior paid expenses were paid jointly by the parties, it correctly declined to make any further adjustment as to them. Ritter, J. P., Sullivan, Florio and Feuerstein, JJ., concur.